IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INCLUSIV, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY, *et al.*<br><br>　　　　　　Defendants. | Civil Action No.<br>1:25-cv-00948 |

**PLAITNIFF INCLUSIV, INC.'S MOTION FOR**
**<u>PRELIMINARY INJUNCTION</u>**

Pursuant to Local Civil Rule 65.1(c), Plaintiff Inclusiv, Inc. hereby moves for a preliminary injunction against the United States Environmental Protection Agency ("EPA"); Lee Zeldin, in his official capacity as Administrator of EPA; W.C. McIntosh, in his official capacity as Acting Deputy Administrator of EPA; and Citibank, N.A. ("Citibank") (collectively, "Defendants").

Inclusiv moves for a preliminary injunction to enjoin EPA, Administrator Zeldin, and Acting Deputy Administrator McIntosh, and others acting in concert therewith, from:

(1) giving effect to EPA's March 11, 2025 Termination Letter to Inclusiv;

(2) suspending, terminating, limiting (or attempting to suspend, terminate, or limit) Inclusiv's grant award or Inclusiv's access to its grant funds, except as permitted by applicable law; and

(3) impeding Citibank from complying with Citibank's contractual obligations to Inclusiv or causing Citibank to deny, obstruct, delay, or otherwise prevent Inclusiv from accessing its account as permitted under the terms of the Account Control Agreement.

Inclusiv also seeks a preliminary injunction enjoining Citibank from:

(1) violating its contractual obligations under the Account Control Agreement, including by declining to set up subrecipient accounts at Inclusiv's request or by refusing to comply with draw requests that Inclusiv has submitted or will submit; and

(2) moving or transferring Inclusiv's grant funds to any party other than Inclusiv or its award subreceipients, absent direction from Inclusiv, except as permitted by the Account Control Agreement or an Order from this Court.

As detailed fully in Inclusiv's accompanying memorandum of law, Inclusive meets the requirements for injunctive relief. Inclusiv has a strong likelihood of success on the merits of its claims, Inclusiv will suffer irreparable harm absent a preliminary injunction; the harm to Inclusiv absent an injunction outweighs any harm to Defendants from an injunction, and the public interest is best served by enjoining Defendants from preventing Inclusiv from accessing its own grant funds. Inclusiv respectfully requests that this Court issue a preliminary injunction as described above and grant any further relief as the Court deems just and proper.

Dated: April 1, 2025                    Respectfully submitted,


/s/ Jay C. Johnson
Jay C. Johnson (D.C. Bar No. 487768)
Dismas Locaria (D.C. Bar No. 490096)*
Christopher G. Griesedieck
    (D.C. Bar No. 1028847)*
Lindsay M. Reed (D.C. Bar No. 1736766)*
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Phone: 202-344-4000
Fax: 202-344-8300
jcjohnson@venable.com

Kyle H. Keraga (D.D.C. Bar. No. MD0216)
Evan I. Suval*
Cogan R. S. Rooney*
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Phone: 410-244-7650
Fax: 410-244-7742
khkeraga@venable.com

Emily R. Marcy*
Taylor M. Sorrells*
1850 Towers Crescent Plaza, Suite 400
Tysons, VA 22182
Phone: 703-760-1600
Fax: 703-821-8949

*Counsel for Plaintiff Inclusiv, Inc.*

* *Motions for pro hac vice admission forthcoming.*
** *Renewal certificate pending.*