IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INCLUSIV, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> Defendants. | Civil Action No. <br> 1:25-cv-00948 |

**PLAINTIFF INCLUSIV, INC.'S EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER**

In addition to the relief requested in its preliminary injunction motion (ECF 6), Plaintiff Inclusiv, Inc., is moving for an emergency temporary restraining order under Rule 65(b) directing the restoration of its grant funds to its Citibank account. This request is necessary because counsel for EPA had agreed in writing "not to take any steps to move the money out of or exercise control over Inclusiv's Citi account while the TRO [in Case No. 25-cv-698] is in effect." Johnson Decl. ¶¶ 12–16 & Ex. D. Relying on that commitment, Inclusiv did not initially seek emergency relief in this case. But when Inclusiv's Chief Financial Officer checked the balance of its Citibank account around 12:30 on April 1, the money was gone. Sheaffer Decl. ¶¶ 18–19.

As Inclusiv's complaint and preliminary injunction papers explain, Inclusiv is the prime recipient of a $1.87 billion grant under EPA's Greenhouse Gas Reduction Fund (GGRF) program. Like other GGRF grant recipients, Inclusiv received a letter on March 11 purporting to terminate its grant. For all the

1

reasons discussed in Inclusiv's complaint and preliminary injunction papers, EPA's termination is arbitrary, capricious, and contrary to law, and should be set aside. Today's removal of funds from Inclusiv's account adds to Inclusiv's irreparable harm.

This Court has both inherent power and statutory authority to enjoin the reversion of Inclusiv's funds to the Treasury. Courts routinely use those powers to preserve the status quo if a statutory appropriation lapses while a lawsuit is pending. *E.g.*, *Burton v. Thornburgh*, 541 F. Supp. 168, 176 (E.D. Pa. 1982) (citing *Nat'l Ass'n of Reg. Councils v. Costle*, 564 F.2d 583, 588 (D.C. Cir. 1977)); 31 U.S.C. §§ 1502(b); *accord Westchester v. HUD*, 778 F.3d 412, 417 (2d Cir. 2015); *City of Houston v. HUD*, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("The equity powers of the courts allow them to take action to preserve the status quo of a dispute and protect their ability to decide a case properly before them." (quoting *Costle*, 564 F.2d at 588–89)). This Court should use those same powers now to restore the funds associated with Inclusiv's GGRF grant to Inclusiv's Citibank account.

The Court should act on an emergency basis because Inclusiv's grant funds could be beyond the Court's reach if EPA re-obligates them. *See W. Va. Ass'n of Cmty. Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1577 (D.C. Cir. 1984); *Population Inst. v. McPherson*, 797 F.2d 1062, 1081 (D.C. Cir. 1986) (App'x). Inclusiv therefore urges this Court to issue a temporary restraining order directing EPA to return Inclusiv's full $1.87 billion to its account. To guard against any reoccurrence, Inclusiv also asks this Court to impose monitoring, escrow, and any other relief it deems necessary, just, and proper to preserve the status quo.

Late this afternoon, EPA's counsel said that the money had not been withdrawn, but instead moved into a money market fund—something that happens monthly, according to EPA's counsel. Johnson Decl. ¶ 28. Inclusiv's Chief Financial Officer has not previously observed any such transfers that took Inclusiv's account to a zero balance. Sheaffer Decl. ¶ 22. Around 6:30, Inclusiv's counsel received an email from Citibank's outside counsel saying that "[i]n connection with requests from the government, last week funds relating to the CCIA grants were moved from Money Market Funds to the grantees' cash accounts on Citi's balance sheets," and that "Citi has now reinvested the funds in Money Market Funds with notice to the government, which should appear on your client's statements tomorrow." Johnson Decl. ¶ 29 & Ex. H.

Finally, shortly after 7:00, Mr. Sacks sent another email. Johnson Decl. Ex. I. That email says that "what happened appears to be a Citi month-end process to invest cash in money markets" and predicts that "the accounts will show full balances by morning." *Id.* It does not mention any "requests from the government," as the email from Citi's counsel did.

Inclusiv takes opposing counsel at their word, but it has too much at stake to stay silent. No matter how it happened, $1.87 billion was moved out of Inclusiv's account in spite of EPA's agreement "not to take any steps to move the money out of or exercise control over Inclusiv's Citi account." If the funds reappear in Inclusiv's account tomorrow, Inclusiv will withdraw its request for an emergency order requiring them to be put back. But it continues to think that more careful monitoring from the Court may be justified.

If the Court wants Inclusiv to speak to this issue during tomorrow's hearing in Case No. 25-cv-698, its counsel will be there.

Dated: April 1, 2025                          Respectfully submitted,

/s/ Jay C. Johnson
Jay C. Johnson (D.C. Bar No. 487768)
Dismas Locaria (D.C. Bar No. 490096)*
Christopher G. Griesedieck
  (D.C. Bar No. 1028847)*
Lindsay M. Reed (D.C. Bar No. 1736766)*
600 Massachusetts Avenue, N.W.
Washington, DC 20001
Phone: 202-344-4000
Fax: 202-344-8300
jcjohnson@venable.com

Kyle H. Keraga (D.D.C. Bar. No. MD0216)
Evan I. Suval*
Cogan R. S. Rooney*
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
Phone: 410-244-7650
Fax: 410-244-7742
khkeraga@venable.com

Emily R. Marcy*
Taylor M. Sorrells*
1850 Towers Crescent Plaza, Suite 400
Tysons, VA 22182
Phone: 703-760-1600
Fax: 703-821-8949

*Counsel for Plaintiff Inclusiv, Inc.*

\* *Motions for pro hac vice admission forthcoming.*
\*\* *Renewal certificate pending.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2025, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

/s/ Jay C. Johnson
Jay C. Johnson
